**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>LEHMAN BROTHERS SECURITIES AND ERISA LITIGATION<br><br>This Document Applies To:<br><br>*American National Insurance Company, et al. v. Fuld, et al.*<br>Case No. 1:09-cv-02363-LAK;<br><br>*California Public Employees' Retirement System v. Fuld, et al.*<br>Case No. 1:11-cv-01281-LAK;<br><br>*City of Auburn v. Fuld, et al.*<br>Case No. 1:09-cv-03474-LAK;<br><br>*City of Burbank v. Fuld, et al.*<br>Case No. 1:09-cv-03475-LAK;<br><br>*City of Cerritos v. Citigroup Global Market, Inc., et al.*<br>Case No. 1:09-cv-07878-LAK<br><br>*City of Fremont v. Citigroup Global Markets, Inc., et al.*<br>Case No. 1:09-cv-03478-LAK;<br><br>*City of Long Beach v. Fuld, et al.*<br>Case No. l:09-cv-03467-LAK;<br><br>*City of San Buenaventura v. Fuld, et al.*<br>Case No. l:09-cv-03476-LAK;<br><br>*City of South San Francisco v. Citigroup Global Markets, Inc., et al.*<br>Case No. 1:09-cv-01946-LAK;<br><br>*Contra Costa Water District v. Fuld, et al.*<br>Case No. 1:09-cv-06652-LAK;<br><br>*County of Alameda v. Ernst & Young, LLP, et al.*<br>Case No. 1:09-cv-07877-LAK; | Civil Action No. 09 MD 2017 (LAK)<br><br>ECF CASE |

*County of Tuolumne v. Ernst & Young, LLP, et al.*
Case No. 1:09-cv-03468-LAK;

*Danis v. Ernst & Young LLP, et al.*,
Case No. 1:11-cv-09001-LAK;

*Epstein Real Estate Advisory Retirement Trust v. Fuld, et al.*
Case No. 1:10-cv-05617-LAK;

*Fifty-Ninth Street Investors LLC* v. *Ernst & Young, LLP, et al.*
Case No. 1:11-cv-4278-LAK;

*Loschiavo et al. v. Fidelity Management Trust Co.*
Case No. 1:10-cv-08631-LAK;

*Mary A. Zeeb, Monterey County Treasurer, on Behalf of the Monterey County Investment Pool v. Fuld, et al.*
Case No. l:09-cv-01944-LAK;

*Remer v. Fuld, et al.*
Case No. 1:10-cv-02926-LAK;

*San Mateo County Investment Pool v. Fuld, et al.*
Case No. 1:09-cv-01239-LAK;

*Avi Schron and Adina Schron, JTWROS v. Ernst & Young, LLP, et al.*
Case No. 1:11-cv-5112-RJH;

*State Compensation Insurance Fund vs. Fuld, et al.*
Case No. 1:11-cv-03892-LAK;

*The State of New Jersey, Department of Treasury, Division of Investment v. Fuld, et al.*
Case No. 1:10-cv-05201-LAK;

*Starr International U.S.A. Investments LC, et al. v. Ernst & Young LLP*
Case No. 1:11-cv-3745-LAK;

*Vallejo Sanitation and Flood Control District v. Fuld, et al.*
Case No. 1:09-cv-06040-LAK;

*Washington State Investment Board v. Fuld, et al.*

Case No. 1:09-cv-06041-LAK;

*Zenith Insurance Company v. Fuld, et al.*
Case No. l:09-cv-01238-LAK

**ERNST & YOUNG LLP'S MEMORANDUM OF LAW IN SUPPORT
OF MOTIONS TO DISMISS AND JOINDERS IN MOTIONS
TO DISMISS CERTAIN INDIVIDUAL ACTIONS**

Miles N. Ruthberg
Jamie L. Wine
LATHAM & WATKINS LLP
885 Third Avenue
New York, NY  10022-4834
Tel: (212) 906-1200
Fax: (212) 751-4864

Peter A. Wald, *pro hac vice*
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA  94111-2562
Tel: (415) 391-0600
Fax: (415) 395-8095

Date:  January 6, 2012

Attorneys for Defendant Ernst & Young LLP

## Table of Contents

Page

I.    AMERICAN NATIONAL INSURANCE COMPANY V. FULD, NO. 1:09-CV-2363 ....................................................................................................1

II.   CALIFORNIA PUBLIC EMPLOYEES' RETIREMENT SYSTEM V. FULD, NO. 1:11-CV-1281 ..............................................................................1

III.  THE ACTIONS FILED BY THE COTCHETT FIRM ................................3

IV.   THE ACTIONS FILED BY THE PEARSON FIRM ...................................5

V.    DANIS V. ERNST & YOUNG LLP, NO. 1:11-CV-9001 ..............................6

VI.   EPSTEIN REAL ESTATE ADVISORY RETIREMENT TRUST V. FULD, NO. 1:10-CV-5617 ..............................................................................7

VII.  FIFTY-NINTH STREET INVESTORS LLC V. ERNST & YOUNG LLP, NO. 1:11-CV-4278 ..............................................................................8

VIII. LOSCHIAVO V. FIDELITY MANAGEMENT TRUST CO., NO. 1:10-CV-11598 ..............................................................................................8

IX.   REMER V. FULD, NO. 1:10-CV-502 .........................................................11

X.    SCHRON V. ERNST & YOUNG LLP, NO. 1:11-CV-5112 .......................12

XI.   STARR INT'L U.S.A. INVS. LC V. ERNST & YOUNG LLP, NO. 1:11-CV-3745 ..........................................................................................12

XII.  STATE COMPENSATION INSURANCE FUND V. FULD, NO. 1:11-CV-3892 ..........................................................................................13

XIII. STATE OF NEW JERSEY, DEP'T OF TREASURY, DIV. OF INV. V. FULD, NO. 1:10-CV-5201 ............................................................................14

XIV.  WASHINGTON STATE INVESTMENT BOARD V. FULD, NO. 1:09-CV-6041 ..........................................................................................15

## <u>Table of Authorities</u>

**CASES**                                                                **PAGES(S)**

*Allison v. General Motors Corp.*,
   604 F. Supp. 1106 (D. Del. 1985), *aff'd*, 782 F.2d 1026 (3d Cir. 1985) ....................10

*Bezirdjian v. O'Reilly*,
   183 Cal. App. 4th 316 (Ct. App. 2010)........................................................................11

*Biben v. Card*,
   No. 84-0844-cv-w-6, 1985 U.S. Dist. LEXIS 20884 (W.D. Mo. Apr. 10,
   1985) ...............................................................................................................................7

*Bowen v. U.S. Postal Service*,
   459 U.S. 212, 103 S. Ct. 588 (1983)...........................................................................10

*Charal Investment Co. v. Rockefeller*,
   No. 14397, 1995 WL 684869 (Del. Ch. Nov. 7, 1995) ...............................................11

*Clearly Canadian Beverage Corp. v. American Winery, Inc.*,
   257 F.3d 880 (8th Cir. 2001) ........................................................................................7

*Halpert Enterprises v. Harrison*,
   No. 06 Civ. 2331 (HB), 2007 WL 485561 (S.D.N.Y. Feb. 14, 2007), *aff'd*
   2008 WL 4585466 (2d Cir. Oct. 15, 2008)...................................................................9

*In re Lehman Brothers Securities & ERISA Litigation*,
   No. 09 MD 2017, 2011 WL 1453790 (S.D.N.Y. Apr. 13, 2011) ........................3, 5, 14

*Jackson National Life Insurance Co. v. Merrill Lynch & Co.*,
   32 F.3d 697 (2d Cir. 1994)............................................................................................2

*Jones v. Saxon Mortgage, Inc.*,
   537 F.3d 320 (4th Cir. 1998) ........................................................................................3

*Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson*,
   501 U.S. 350, 111 S. Ct. 2773 (1991)...........................................................................3

*Levner v. Prince Alwaleed Bin Talal Bin Abdulaziz Al Saud*,
   903 F. Supp. 452 (S.D.N.Y. 1994)............................................................................9, 10

*P. Stolz Family Partnership L.P. v. Daum*,
   355 F.3d 92 (2d Cir. 2004).............................................................................................3

*Parrott v. Coopers & Lybrand, L.L.P.*,
   95 N.Y.2d 479, 741 N.E.2d 506 (2000).......................................................................13

*Reding v. Goldman Sachs & Co.*,
   382 F. Supp. 2d 1112 (E.D. Mo. 2005)...........................................................................7

*Securities Investor Protection Corp. v. BDO Seidman, LLP*,
   222 F.3d 63 (2d Cir. 2000).............................................................................................12

*Short v. Belleville Shoe Manufacturing Co.*
   908 F.2d 1385 (7th Cir. 1990) .........................................................................................3

*Velez v. Feinstein*,
   451 N.Y.S.2d 110 (1st Dep't 1982) ...............................................................................10

## STATUTES

15 U.S.C. § 77m...................................................................................................................2

Fed. R. Civ. P. 23.1(b)(3)......................................................................................................9

## MISCELLANEOUS

California Corporations Code § 25400, et seq.......................................................................6

California Corporations Code § 25506.................................................................................13

Restatement (Second) of Trusts § 282(2) ...........................................................................10

Wright & Miller, Federal Practice and Procedure: Civil 3d § 1056 ...................................3

In the interests of efficiency, Defendant Ernst & Young LLP ("EY") respectfully submits this Memorandum of Law in Support of Motions to Dismiss and Joinders in Motions to Dismiss Certain Individual Actions (the "Memorandum in Support"). This Memorandum in Support identifies, on a complaint-by-complaint basis, the specific arguments that EY joins or otherwise incorporates in its own motions to dismiss actions within the above-captioned multi-district litigation.[1] Where warranted this Memorandum in Support also provides modest additional analysis to assist the Court in its application of arguments in other defendants' memoranda to the claims asserted against EY.

## I.   AMERICAN NATIONAL INSURANCE COMPANY, ET AL. V. FULD, NO. 1:09-CV-2363

EY joins the Bank Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint insofar as it seeks dismissal of (1) plaintiffs' Section 11 claim, on the ground that it is barred by the statutes of limitations and repose in Section 13 of the Securities Act, and (2) plaintiffs' state law claims on the ground that they are precluded by the Securities Litigation Uniform Standards Act of 1998 ("SLUSA"). The points and authorities supporting these arguments, which apply with equal force to the claims against EY, are located in Sections I.E and II of the Bank Defendants' Memorandum of Law in Support of Their Motion to Dismiss Plaintiffs' Second Amended Complaint, which sections EY joins in their entirety.

## II.   CALIFORNIA PUBLIC EMPLOYEES' RETIREMENT SYSTEM V. FULD, NO. 1:11-CV-1281

EY joins the Bank Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint insofar as it seeks dismissal of plaintiff's Section 11 claim, on the ground that it is barred by the statute of repose in Section 13 of the Securities Act. The points and authorities

---

[1] EY is also filing a Motion to Dismiss New York Attorney General's Claim for Recovery of Fees Received by EY from Lehman in *The People of the State of New York v. Ernst & Young LLP*, No. 1:11-cv-384-LAK.

supporting this argument, which applies with equal force to the claim against EY, are located in Section I of the Bank Defendants' Memorandum of Law in Support of Their Motion to Dismiss Plaintiff's Second Amended Complaint, which section EY joins in its entirety.  This argument applies equally to EY, notwithstanding EY's entry into a now-terminated Tolling Agreement with plaintiff.[2]

First, with respect to five of the six offerings at issue, the statute of repose expired prior to entry into the Tolling Agreement.[3]  The Tolling Agreement expressly provided that tolling did not apply to claims that already had expired.  *See* Turner Decl. Ex. 4 at ¶ 2 ("Such tolling, suspension, and waiver of limitations and repose periods are not limited to the Class Claims but apply only to potential claims that have not yet expired by the Effective Date.").  Nor could it. *See Jackson Nat'l Life Ins. Co. v. Merrill Lynch & Co.*, 32 F.3d 697, 702 (2d Cir. 1994) (affirming dismissal of Section 11 claim after concluding that statute of limitations expired before the tolling date).

Second, plaintiff's Section 11 claim against EY as to the sixth offering, which took place on May 9, 2008, is also barred by the statute of repose, notwithstanding the Tolling Agreement. Section 13 of the Securities Act provides that "***[i]n no event*** shall any [] action be brought to enforce a liability created under [Section 11] more than three years after the security was bona fide offered to the public[.]"  15 U.S.C. § 77m (emphasis added).  Plaintiff did not commence suit against EY until November 29, 2011—more than three years after this sixth offering.  The

---

[2] EY entered into a Tolling and Waiver Agreement with plaintiff (the "Tolling Agreement") on February 7, 2011.  A copy of the Tolling Agreement executed by counsel for EY is Exhibit 4 to the Declaration of Christopher S. Turner ("Turner Decl.") filed herewith.  Plaintiff terminated this Agreement on December 16, 2011, by letter dated November 16, 2011.  *See* Turner Decl, Ex. 5; *see also id.* Ex. 4 at ¶¶ 3, 6 (provisions for notice of termination of agreement).

[3] As the Bank Defendants explain at Section I of their memorandum, five of the six offerings pursuant to which plaintiff purchased Lehman securities occurred prior to February 7, 2008—more than three years prior to execution of the Tolling Agreement.

law governing statutes of repose has developed in recent years, and the Supreme Court and the Second Circuit have held that unlike a statute of limitations, a statute of repose is absolute and cannot be tolled.  *See, e.g.*, *Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson*, 501 U.S. 350, 363, 111 S. Ct. 2773 (1991) (noting that the "3-year limit [contained in Section 13] is a period of repose inconsistent with tolling"); *P. Stolz Family P'ship L.P. v. Daum*, 355 F.3d 92, 102 (2d Cir. 2004) (holding that "the legislative bar to subsequent action is absolute, subject to legislatively created exceptions … set forth in the statute of repose").[4]  This Court has recently underscored this issue, holding that the plain language of Section 13's statute of repose simply does not permit tolling of a Section 11 claim:

> The claims sued upon here are created and defined by the words of Sections 11 and 15 of the Securities Act.  Section 13 of that act states quite clearly that "[i]n no event" shall such claims be asserted "more than three years after" the pertinent offerings.  That language is absolute.  If Congress had intended that the three-year statute of repose apply differently to securities class actions— which are not uncommon occurrences—it certainly could have provided so.  It still may.  In the absence of further legislation, this Court must apply the statute as written.

*In re Lehman Bros. Sec. & ERISA Litig.*, No. 09 MD 2017, 2011 WL 1453790, at *3 (S.D.N.Y. Apr. 13, 2011).  Under the absolute statutory language, any purported tolling is ineffective to overcome the strict "legislative bar to subsequent action."  *P. Stolz*, 355 F.3d at 102.

## III.    THE ACTIONS FILED BY THE COTCHETT FIRM

On November 29, 2011, pursuant to Pretrial Order No. 23 in this multi-district litigation, plaintiffs in eight individual actions, each represented by the law firm of Cotchett, Pitre &

---

[4] *See also, e.g.*, *Jones v. Saxon Mortg., Inc.*, 537 F.3d 320, 326-27 (4th Cir. 1998) ("[A] statute of repose is typically an absolute time limit beyond which liability no longer exists and is not tolled for any reason."); *Short v. Belleville Shoe Mfg. Co.*, 908 F.2d 1385, 1391 (7th Cir. 1990) ("Unless the 'in no event more than three' language cuts off claims of tolling and estoppel at three years, however, it serves no purpose at all . . . ."); Wright & Miller, Federal Practice and Procedure: Civil 3d § 1056 ("[A] repose period is fixed and its expiration will not be delayed by estoppel or tolling.").

McCarthy (the "Cotchett Firm"), filed a Consolidated First Amended Complaint, combining their eight amended complaints into a single pleading.[5]

EY joins the Bank Defendants' Motion to Dismiss Plaintiffs' Consolidated First Amended Complaint insofar as it seeks dismissal of certain California state law claims on the grounds that (1) plaintiffs fail to plead a primary violation of California state law, (2) those plaintiffs continuing to hold Lehman securities can obtain only rescission, a remedy non-sellers such as the Bank Defendants (and EY) cannot provide, and (3) SLUSA precludes the state law claims brought by Zenith Insurance Company.   The points and authorities supporting these arguments, which apply with equal force to the claims against EY, are located in Sections II.B, II.C, and III of the Bank Defendants' Memorandum of Law in Support of Their Motion to Dismiss Plaintiffs' Consolidated First Amended Complaint, which sections EY joins in their entirety.[6]

EY also joins the Individual Defendants' Motion to Dismiss the Consolidated First Amended Complaint insofar as it seeks dismissal of (1) certain plaintiffs' Section 11 claims on the ground that these claims are barred by the statute of repose in Section 13 of the Securities Act, and (2) plaintiffs' claims for negligent misrepresentation, on the ground that plaintiffs have alleged no facts showing that defendants owed them a duty of care.   The points and authorities supporting these arguments, which apply with equal force to the claims against EY, are located

---

[5] The eight individual actions are (1) *City of Auburn v. Fuld, et al.*, No. 1:09-cv-03474-LAK, (2) *City of Burbank v. Fuld, et al.*, No. 1:09-cv-03475-LAK, (3) *City of San Buenaventura v. Fuld, et al.*, No. 1:09-cv-03476-LAK, (4) *Contra Costa Water District v. Fuld, et al.*, No. 1:09-cv-06652-LAK, (5) *Mary A. Zeeb, Monterey County Treasurer, on Behalf of the Monterey County Investment Pool v. Fuld, et al.*, No. 1:09-cv-01944-LAK, (6) *San Mateo County Investment Pool v. Fuld, et al.*, No. 1:09-cv-01239-LAK, (7) *Vallejo Sanitation and Flood Control District v. Fuld, et al.*, No. 1:09-cv-06040-LAK, and (8) *Zenith Insurance Company v. Fuld, et al.*, No. 1:09-cv-01238-LAK.

[6] EY asserts these arguments against all eight plaintiffs.

in Points I and V.C of the Memorandum of Law in Support of the Individual Defendants' Motion

to Dismiss the Consolidated First Amended Complaint, which sections EY joins in its entirety.

As further grounds for dismissal of the Consolidated First Amended Complaint, EY

incorporates by reference and applies to this action the argument made by the Bank Defendants

in their Memorandum of Law in Support of Their Motion to Dismiss Plaintiffs' Amended

Complaint in *Washington State Investment Board v. Fuld*, No. 1:09-cv-6041 (discussed at p. 15

*infra*), that all Section 11 claims asserted more than three years after the security was bona fide

offered to the public are barred by the statute of repose in Section 13 of the Securities Act.  In

each of the Cotchett Firm actions, plaintiffs first predicated their Section 11 claims on Repo 105

activity by Lehman Brothers Holdings Inc. ("Lehman") in amended complaints filed in August,

September, and October, 2011—more than three years prior to any offering on which any of

plaintiffs' Section 11 claims against EY is based.[7]  Relation back does not apply to statutes of

repose.  *See In re Lehman Bros.*, 2011 WL 1453790, at *4.  Consequently, insofar as the Section

11 claims against EY are predicated on Lehman's Repo 105 activity, these claims asserted in the

Cotchett Firm's actions are barred by the applicable statute of repose and must be dismissed.

## IV.    THE ACTIONS FILED BY THE PEARSON FIRM

On November 29, 2011, pursuant to Pretrial Order No. 23 in this multi-district litigation,

plaintiffs in six individual actions, each a California municipality or county represented by the

law firm of Pearson, Simon, Soter, Warshaw & Penny, LLP (the "Pearson Firm"), filed a

---

[7] The latest offering on which plaintiffs' claims are based occurred on January 15, 2008.  *See* App'x A to Bank Defendants' Memorandum of Law in Support of Their Motion to Dismiss Plaintiffs' Consolidated First Amended Complaint in the actions filed by the Cotchett Firm.

Consolidated First Amended Complaint, combining their six amended complaints into a single pleading.[8]

EY joins the Bank Defendants' Motion to Dismiss Plaintiffs' Consolidated First Amended Complaint insofar as it seeks dismissal of (1) all claims brought by the City of South San Francisco, on the ground that the City lacks standing, (2) the Section 11 claim brought by the City of South San Francisco and the Section 11 claims predicated on Lehman's Repo 105 activity, on the ground that they are barred by the statute of repose in Section 13 of the Securities Act, and (3) certain California state law claims, on the ground that plaintiffs fail to state a claim under California Corporations Code § 25400, et seq.  The points and authorities supporting these arguments, which apply with equal force to the claims against EY, are located in Section I and subsections of Section II.B (entitled "California Corp. Code § 25400, et seq.") and Section II.C (entitled "Repo 105 and Risk Management Allegations") of the Bank Defendants' Memorandum of Law in Support of Their Motion to Dismiss Plaintiffs' Consolidated First Amended Complaint, which section and subsections EY joins in their entirety.[9]

## V.    DANIS V. ERNST & YOUNG LLP, NO. 1:11-CV-9001

EY moves to dismiss the Petition in the above-captioned action (Turner Decl. Ex. 1) and incorporates by reference and applies to this action the arguments made in Fidelity Management Trust Company's Motion to Dismiss the Complaint in *Loschiavo v. Fidelity Management Trust Co.*, No. 1:10-cv-11598, in support of EY's argument that the claim of negligent misrepresentation against EY must be dismissed because plaintiff fails to plead that he was a

---

[8] The six individual actions are (1) *City of South San Francisco v. Citigroup Global Markets, Inc., et al.*, No. 1:09-cv-01946-LAK, (2) *City of Long Beach v. Fuld, et al.*, No. 1:09-cv-03467-LAK, (3) *County of Tuolumne v. Ernst & Young, LLP, et al.*, No. 1:09-cv-03468-LAK, (4) *City of Fremont v. Citigroup Global Markets, Inc., et al.*, No. 1:09-cv-03478-LAK, (5) *County of Alameda v. Ernst & Young, LLP, et al.*, No. 1:09-cv-07877-LAK, and (6) *City of Cerritos v. Citigroup Global Market, Inc., et al.*, No. 1:09-cv-07878-LAK.

[9] EY asserts the arguments regarding California Corporations Code § 25400, et seq., located in Section II.B of the Bank Defendants' memorandum, against all six plaintiffs.

member of a limited group.  The points and authorities supporting these arguments are located in

Section II of the Memorandum of Law in Support of Defendant Fidelity Management Trust

Company's Motion to Dismiss the Complaint, which section EY joins in its entirety.

To state a claim for negligent misrepresentation under Missouri law, a plaintiff must

allege facts showing, *inter alia*, that "the information was provided intentionally by the

defendant to the plaintiff, as a member of a limited group, in a particular business transaction"

and that the "plaintiff justifiably relied on the information."  *Clearly Canadian Beverage Corp.

v. Am. Winery, Inc.*, 257 F.3d 880, 893 (8th Cir. 2001).  In the *Danis* action, as in the *Loschiavo*

action, plaintiff fails to allege facts satisfying either of these requirements.  The investing

public—which is the "group" alleged by plaintiff—is not the "limited group" to which a claim

for negligent misrepresentation under Missouri law is available.  *Reding v. Goldman Sachs &

Co.*, 382 F. Supp. 2d 1112, 1120 (E.D. Mo. 2005); *see also Biben v. Card*, No. 84-0844-cv-w-6,

1985 U.S. Dist. LEXIS 20884, at *41-44 (W.D. Mo. Apr. 10, 1985) ("[I]t it seems fairly certain

that the Missouri courts would not consider those members of the public who purchased

Midwestern stock as the kind of 'limited group' to which PMM owed a duty of care in

performing its auditing/accounting services.").  Plaintiff's professional negligence claim in *Danis*

thus must, like plaintiffs' professional malpractice claim in *Loschiavo*, be dismissed.

## VI.   EPSTEIN REAL ESTATE ADVISORY RETIREMENT TRUST V. FULD, NO. 1:10-CV-5617

EY joins the Individual Defendants' Motion to Dismiss the Complaint, which seeks

dismissal of plaintiff's Section 11 claim on the ground that it is barred by the statute of repose in

Section 13 of the Securities Act.  The points and authorities supporting this argument, which

applies with equal force to the claim against EY, are located in the Memorandum of Law in

Support of the Individual Defendants' Motion to Dismiss the Complaint, which EY joins in its entirety.

## VII.   FIFTY-NINTH STREET INVESTORS LLC V. ERNST & YOUNG LLP, NO. 1:11-CV-4278

EY joins defendants Richard S. Fuld's and Christopher M. O'Meara's Motion to Dismiss the Amended Complaints, insofar as it seeks dismissal of plaintiffs' claims under Section 10(b) of the Exchange Act and New York state law on the ground that plaintiffs have failed to plead actual reliance on any alleged misrepresentation.  The points and authorities supporting this argument, which applies with equal force to the claims against EY, are located in Sections I.C and III.A of the Memorandum of Law in Support of Richard S. Fuld's and Christopher M. O'Meara's Motion to Dismiss the Amended Complaints, which sections EY joins in their entirety.

## VIII.   LOSCHIAVO V. FIDELITY MANAGEMENT TRUST CO., NO. 1:10-CV-11598

EY joins the Lehman Brothers Savings Plan's (the "Plan"'s) Motion to Dismiss Pursuant to Rule 12(b)(6), which seeks dismissal of plaintiffs' claim against EY on the grounds that (1) the Employee Retirement Income Security Act of 1974 ("ERISA") preempts plaintiffs' state law right to sue derivatively on behalf of the Plan, and (2) ERISA does not, in any event, authorize plaintiffs to assert the Plan's claims derivatively on its behalf.  The points and authorities supporting these arguments, which apply with equal force to the claims against EY, are located in the Memorandum of Law in Support of Nominal Defendant The Lehman Brothers Savings Plan's Motion to Dismiss Pursuant to Rule 12(b)(6), which EY joins in its entirety.

EY also joins Fidelity Management Trust Company's ("Fidelity"'s) Motion to Dismiss the Complaint insofar as it provides two grounds for dismissal of the professional malpractice claim under New York law (Count II) asserted against EY: (1) plaintiffs' failure to plead privity

with EY, and (2) plaintiffs' failure to plead actual reliance on EY's challenged conduct.  The points and authorities supporting these arguments, which apply with equal force to the claim against EY, are located in Section II of the Memorandum of Law in Support of Defendant Fidelity Management Trust Company's Motion to Dismiss the Complaint ("Fidelity's Memorandum"), which section EY joins in its entirety.  EY further notes that, for the reasons set forth in Section I of Fidelity's Memorandum and further explicated below, the action should be dismissed for failure to plead satisfaction of the demand requirements of a derivative suit.

Plaintiffs purport to bring this action derivatively on behalf of the Plan against EY, *Loschiavo* Compl. ¶ 1, but fail adequately to plead either a proper demand or wrongful refusal of such a demand.  First, as set forth in Section I of Fidelity's Memorandum, plaintiffs made their demand on the wrong entity.  Instead of making a demand on Fidelity, they were required to make a demand on the Employee Benefit Plans Committee, which directs Fidelity's actions.

Second, having attempted to plead that they made a demand, plaintiffs utterly fail to plead wrongful refusal of the demand.[10]  Rule 23.1 requires plaintiffs to "allege with particularity the efforts, if any, made by the plaintiff to obtain the action the plaintiff desires from the [Plan]. . . and the reasons for plaintiff's failure to obtain the action."  Fed. R. Civ. P. 23.1(b)(3).  Plaintiffs summarily allege:

> On July 6, 2010, Plaintiffs made a demand on Fidelity to initiate an action against E&Y.  *See* Exhibit B attached hereto.  On August 4, 2010, Fidelity responded (attached hereto as Exhibit C); however, Fidelity has not taken action as of the date of the filing of this Complaint [September 20, 2010]. … Fidelity's failure to act against E&Y for more than two months after the demand by Plaintiffs constitutes a refusal of Plaintiffs' demand.

---

[10] Plaintiffs do not and cannot attempt to plead demand futility—once a plaintiff "makes a demand … before filing suit, it loses the ability to claim demand futility."  *Levner v. Prince Alwaleed Bin Talal Bin Abdulaziz Al Saud*, 903 F. Supp. 452, 457 (S.D.N.Y. 1994); *see also Halpert Enters. v. Harrison*, No. 06 Civ. 2331 (HB), 2007 WL 486561, at *5 n.5 (S.D.N.Y. Feb. 14, 2007), *aff'd* 2008 WL 4585466 (2d Cir. Oct. 15, 2008) ("Defendants correctly note that 'by making a pre-suit demand, a plaintiff concedes the independence and disinterestedness of the board.'").

*Loschiavo* Compl. ¶¶ 102, 105.  This is the sum and substance of plaintiffs' demand pleading, and (in addition to the fact that the demand was made on the wrong entity) it fails to allege refusal of the demand, much less a wrongful refusal with the requisite particularity—i.e., "legally sufficient reasons to call into question the validity of" the defendant's decision to not bring suit. *Levner*, 903 F. Supp. at 457.[11]

Plaintiffs did not give Fidelity sufficient time before they filed suit.  Plaintiffs filed suit less than three months after their demand letter and less than two months after Fidelity's timely response indicating that it was investigating the proposed claims.[12]  "Premature filing of suit after a demand has been made … frustrates the policy of rule 23.1 that an individual stockholder ordinarily should not usurp the responsibility of corporate management to determine whether and how to pursue a corporate claim."  *Allison v. Gen. Motors Corp.*, 604 F. Supp. 1106, 1118 (D. Del. 1985), *aff'd*, 782 F.2d 1026 (3d Cir. 1985).  Courts have routinely dismissed derivative suits

---

[11] Plaintiffs allege that they are beneficiaries of a trust under New York law.  *Loschiavo* Compl. ¶ 113.  "A trust beneficiary may sue to enforce a contract entered into on his behalf by the trustee if, but only if, the trustee 'improperly refuses or neglects to bring an action against the third person.'" *Bowen v. U.S. Postal Serv.*, 459 U.S. 212, 243, 103 S. Ct. 588 (1983) (quoting Restatement (Second) of Trusts § 282(2) (1959)). New York courts have held:

> In an action brought by a beneficiary on behalf of the trust, the beneficiary must show why he has the right to exercise the power, which the law and the trust agreement in the first instance confide in the trustees, to bring a suit on behalf of the trust. This will normally require either a showing of a demand on the trustees to bring the suit, *and of a refusal so unjustifiable as to constitute an abuse of the trustee's discretion*, or a showing that suit should be brought and that because of the trustees' conflict of interest, or some other reason, it is futile to make such a demand.

*Velez v. Feinstein*, 451 N.Y.S.2d 110, 114-15 (1st Dep't 1982) (emphasis added).  Plaintiffs have failed to plead generally, or to allege any facts indicating, that Fidelity had any conflict of interest, or that it possessed, let alone abused, any discretion in responding to their demand.

[12] In their brief July 6, 2010 letter, plaintiffs indicated that "if [Fidelity] fail[s] to respond or contact us within thirty (30) days of the date of this letter, we will assume that you have refused this demand" and will institute a derivative action.  *Loschiavo* Compl. Ex. B.  Per plaintiffs' request, Fidelity responded within thirty days in an August 4, 2010 letter to plaintiffs' counsel, stating that Fidelity was "reviewing [plaintiffs'] request and will respond to your letter upon the completion of our review."  *Id.* Ex. C.  Defendant Fidelity also invited plaintiffs' counsel to contact it with any questions.  *Id.*  This is the last alleged communication between plaintiffs or their representatives and Defendant Fidelity before plaintiffs filed suit on September 20, 2010—less than three months after their initial demand and less than two months after Fidelity indicated that it was investigating plaintiffs' request.

brought before much longer reviews or investigations had concluded.  *See, e.g.*, *Bezirdjian v. O'Reilly*, 183 Cal. App. 4th 316, 323 (Ct. App. 2010) (investigation longer than one year); *Charal Inv. Co. v. Rockefeller*, No. 14397, 1995 WL 684869, at *3 (Del. Ch. Nov. 7, 1995) (five months).  Here, in this complex case, no refusal—much less wrongful refusal—could be inferred from failure to bring suit within three months.

Nor, as Section II of Fidelity's Memorandum plainly demonstrates, did plaintiffs allege facts showing that refusal to bring the proposed claim against EY would be "so unjustifiable as to constitute an abuse of" any discretion that Fidelity may have possessed (and, as Fidelity identifies in Section I of its Memorandum, it had no discretion to decide whether to sue in the first place).  *See* footnote 11 *supra*.  Absent facts showing any such abuse of discretion, plaintiffs' derivative claim against EY cannot stand and must be dismissed.

## IX.   REMER V. FULD, NO. 1:10-CV-502

EY joins defendant Richard S. Fuld, Jr.'s Motion to Dismiss the Amended Complaint insofar as it seeks dismissal of (1) plaintiff's Securities Act claims, on the ground that they are barred by the statute of repose in Section 13 of the Securities Act, and (2) plaintiff's state law fraud and misrepresentation claims, on the ground that plaintiff failed to plead actual reliance on any alleged misrepresentation, and (3) plaintiff's negligence and breach of fiduciary duty claims, on the grounds that plaintiff failed to allege any relationship approaching privity between her and any defendant, and failed to allege any contract, express warranty, or breach of same.  The points and authorities supporting these arguments, which apply with equal force to the claims against EY, are located in Sections I.A, II.A.2, II.B, and II.C of the Memorandum of Law of Richard S. Fuld, Jr., in Support of Motion to Dismiss the Amended Complaint, which sections EY joins in their entirety.

X.      **SCHRON V. ERNST & YOUNG LLP, NO. 1:11-CV-5112**

EY joins defendants Richard S. Fuld's and Christopher M. O'Meara's Motion to Dismiss the Amended Complaints, insofar as it seeks dismissal of plaintiffs' claims under Section 10(b) of the Exchange Act and New York state law on the ground that plaintiffs fail to plead actual reliance on any alleged misrepresentation.  The points and authorities supporting this argument, which applies with equal force to the claims against EY, are located in Sections I.C and III.A of the Memorandum of Law in Support of Richard S. Fuld's and Christopher M. O'Meara's Motion to Dismiss the Amended Complaints, which sections EY joins in their entirety.

XI.     **STARR INT'L U.S.A. INVS. LC V. ERNST & YOUNG LLP, NO. 1:11-CV-3745**

EY moves to dismiss the Amended Complaint in the above-captioned action (Turner Decl. Ex. 2) and, in support, incorporates by reference and applies to this action the argument made in Fidelity's Motion to Dismiss the Complaint in *Loschiavo v. Fidelity Management Trust Co.*, No. 1:10-cv-11598, that a claim of professional negligence under New York law against EY must be dismissed where plaintiff fails to plead the requisite privity with EY.  The points and authorities supporting this argument are located in Section II of Fidelity's Memorandum, which section EY joins in its entirety.

In the *Starr* action, as in the *Loschiavo* action, plaintiffs—then current and prospective investors with no unique relationship with Lehman or EY—fail to allege (because they cannot allege) facts sufficient to establish the "privity or near privity" with EY necessary to state a claim for professional negligence under New York law.  *Securities Investor Protection Corp. v. BDO Seidman*, *LLP* 222 F.3d 63, 75 (2d Cir. 2000) (affirming dismissal of professional negligence claim where plaintiffs alleged no "face-to-face conversation," "sharing of documents," or "substantive communication" establishing near privity with auditor); *Parrott v. Coopers & Lybrand, L.L.P.*, 95 N.Y.2d 479, 483 (2000) (recognizing that these stringent privity

12

requirements are "necessary in order to provide fair and manageable bounds to what otherwise could prove to be limitless [auditor] liability").  The *Starr* plaintiffs allege only that EY owed them a duty "as a public investor in Lehman." (*Starr* Am. Compl. ¶ 81).  But the *Starr* plaintiffs do not allege that they were investors in Lehman prior to the offering on which their claim is based—nor would that status as a common investor *in Lehman*, in any event, establish the privity or near privity *with EY* necessary to assert a claim for professional negligence.  The *Starr* plaintiffs' claim for professional negligence, like the *Loschiavo* plaintiffs' claim for professional malpractice, must be dismissed.

## XII.    STATE COMPENSATION INSURANCE FUND V. FULD, NO. 1:11-CV-3892

EY joins the Bank Defendants' Motion to Dismiss Plaintiff's Amended Complaint insofar as it seeks dismissal of (1) plaintiff's Section 11 claim, on the ground that it is barred by the statute of repose in Section 13 of the Securities Act, and (2) plaintiff's state law claims on the ground that they are precluded by SLUSA.  The points and authorities supporting these arguments, which apply with equal force to the claims against EY, are located in Sections I.A and II of the Bank Defendants' Memorandum of Law in Support of Their Motion to Dismiss Plaintiff's Amended Complaint, which sections EY joins in their entirety.

EY also joins the Individual Defendants' Motion to Dismiss the Amended Complaint insofar as it seeks dismissal of (1) plaintiff's Section 11 claim, on the ground that it is barred by the statute of repose in Section 13 of the Securities Act, (2) plaintiff's claims under the California Corporations Code, on the ground that they are barred by the statute of limitations in Section 25506 of the California Corporations Code, (3) plaintiff's claims for common law fraud and aiding and abetting fraud, on the ground that plaintiff has failed to plead the requisite actual reliance on any purported misrepresentation, and (4) plaintiff's claim for negligent misrepresentation, on the ground that it has alleged no facts showing that defendants owed it a

duty of care.  The points and authorities supporting these arguments, which apply with equal force to the claims against EY, are located in Sections I.A, II.A, IV.A.1, IV.A.3, IV.B, and IV.C of the Memorandum of Law in Support of Individual Defendants' Motion to Dismiss the Amended Complaint, which sections EY joins in their entirety.

## XIII.   STATE OF NEW JERSEY, DEP'T OF TREASURY, DIV. OF INV. V. FULD, NO. 1:10-CV-5201

EY moves to dismiss the Second Amended Complaint in the above-captioned action (Turner Decl. Ex. 3) and, in support, incorporates by reference and applies to this action the argument made by the Bank Defendants in its Memorandum of Law in Support of Their Motion to Dismiss Plaintiffs' Amended Complaint in *Washington State Investment Board v. Fuld*, No. 1:09-cv-6041 (discussed at p. 15 *infra*), that Section 11 claims asserted more than three years after the security was bona fide offered to the public are barred by the statute of repose in Section 13 of the Securities Act.  The points and authorities supporting this argument are located in Section III.E of the Bank Defendants' Memorandum of Law in Support of Their Motion to Dismiss Plaintiff's Amended Complaint in the *Washington State Investment Board* action, which section EY joins in pertinent part.  Plaintiff first asserted Section 11 claims against EY in this action predicated on Lehman's Repo 105 activity in its Amended Complaint, filed on April 13, 2011.  This claim cannot be considered timely based on relation-back principles, as relation back does not apply to statutes of repose.  *See In re Lehman Bros.*, 2011 WL 1453790, at *4. Consequently, to the extent plaintiff's Section 11 claim is predicated on Lehman's Repo 105 activity and is based on securities offered prior to April 13, 2008, it is barred by the applicable statute of repose and must be dismissed.

## XIV.   WASHINGTON STATE INVESTMENT BOARD V. FULD, NO. 1:09-CV-6041

EY joins the Bank Defendants' Motion to Dismiss Plaintiff's Amended Complaint insofar as it seeks dismissal of plaintiff's Section 11 claim based on Lehman's Repo 105 transactions on the ground that it is barred by the applicable statutes of repose and limitations. The points and authorities supporting this argument, which applies with equal force to the claims against EY, are located in Section III.E of the Bank Defendants' Memorandum of Law in Support of Their Motion to Dismiss Plaintiff's Amended Complaint, which section EY joins in pertinent part.

Dated:  January 6, 2012

Respectfully submitted,

LATHAM & WATKINS LLP

By   s/ Miles N. Ruthberg
    Miles N. Ruthberg
    Jamie L. Wine
    LATHAM & WATKINS LLP
    885 Third Avenue
    New York, NY  10022-4834
    Tel: (212) 906-1200
    Fax: (212) 751-4864

    Peter A. Wald, *pro hac vice*
    LATHAM & WATKINS LLP
    505 Montgomery Street, Suite 2000
    San Francisco, CA  94111-2562
    Tel: (415) 391-0600
    Fax: (415) 395-8095

    Attorneys for Defendant Ernst & Young LLP